# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PAULA A. PETTWAY,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 16-00500-CG-B |
| **MOBILE COUNTY REVENUE COMMISSIONER,** | : |
| Defendant. | : |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion to Dismiss and Brief in Support. (Docs. 6, 7). The motion, which has been fully briefed and is ripe for resolution, has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. CivLR 72(a)(2)(S). Upon consideration of all matters presented, the undersigned RECOMMENDS, for the reasons stated herein, that Defendant's motion be **DENIED** and Plaintiff Paula A. Pettway be given the opportunity to amend her complaint.

### I. Background Facts

Plaintiff filed a Complaint under 42 U.S.C. § 1983 on September 27, 2016, alleging a legal claim under the Age Discrimination in Employment Act (hereinafter "ADEA"). (Doc. 1). Her factual allegations in their totality are as follows:

> " A. On December 21, 2015, I was informed by my Supervisor that I had to arrive 10 minutes early to

work on 8:00-5:00 weeks.

   B. On January 5, 2016, I was informed that my cash drawer was short and that I had to repay the amount missing.

   C. On January 6, 2016, I was moved from my desk to another desk because of allegations that I was on the phone for 20 mins while taxpayers were in the Lobby.

   D. Office privileges were terminated.

   E. Disparate treatment in the distribution of error sheets.

   F. I feel that the above actions taken against me were because of my Age, Sex, and Harassment."

(Doc. 1 at 1-2). Plaintiff filed a motion for leave to proceed without prepayment of fees with this Complaint, and that motion was granted on January 6, 2017. (Docs. 2, 3).

On January 18, 2017, Defendant Mobile County Revenue Commissioner filed a Motion to Dismiss and brief in support, alleging that Plaintiff's claims were vague, conclusory, and failed to state a claim under the cited statutes. (Docs. 6, 7). Plaintiff filed a response to this Motion to Dismiss on February 10, 2017, making additional factual allegations that were not present in the initial complaint. (Doc. 10). On February 13, 2017, Defendant replied to this response, stating that the new "expansive supplemental and wholly new factual allegations" in the response brief should not be considered, as they were not present in the original complaint. (Doc. 11).

**II. STANDARD OF REVIEW**

As a preliminary matter, the undersigned observes that when considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F. 3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F. 3d 791, 709 (11th Cir. 2010) (relying on Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 , 173 L. Ed. 2d 868 (2009)). In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a motion to dismiss an action on the ground that the allegations in the complaint fail to state a claim upon which relief can be granted. On such a motion, the "'issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct.

3

1683, 40 L. Ed. 2d 90 (1974)). In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Iqbal, 129 S. Ct. at 1940 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

Rule 12(b)(6) is read in light of Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.

Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 566 U.S at 678 (quoting Twombly, 550 U.S at 557).

### III. **ANALYSIS**

Under the ADEA, it is unlawful for an employer to discharge or otherwise discriminate against an employee who is at least 40 years old on the basis of age. See 29 U.S.C. § 623(a). To establish a prima facie case under the ADEA, the plaintiff bears the burden of proving that (1) she was a member of the protected class (i.e., at least 40 years old at the time of the adverse employment action); (2) she was subject to an adverse employment decision; (3) the position she sought was filled by a substantially younger person; and (4) she was qualified for the position. See Chapman v. AI Transp., 229 F.3d 1012, 1043 (11th Cir. 2000) (en banc). Age discrimination claims also require that the plaintiff ultimately show that her age was the "but-for" cause of the adverse employment decision. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009).

Plaintiff has failed to meet her burden in the instant case. While she cites the ADEA as her the ground for relief, her

complaint is wholly bereft of any facts suggesting that she was treated differently from other employees because of her age. The entirety of her complaint is comprised of a handful of conclusory allegations about Plaintiff's treatment at her office, without any information as to how the alleged adverse actions were discriminatory on the basis of her age. (See Doc. 1). Simply put, Plaintiff's factual allegations are not sufficient to "nudge[] [her] claim across the line from conceivable to plausible". Twombly, 550 U.S. at 570.

Although Plaintiff's complaint is deficient as drafted, dismissal at this juncture is premature. In this Circuit, the general rule with respect to pro se complaints is that "[w]here a more carefully drafted compliant might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Holmes v. Escambia County Sheriff Dep't, 2015 WL 2095671, 2015 U.S. Dist. LEXIS 58413, *10 (S.D. Ala. May 4, 2015)(quoting Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991)).[1] Therefore, while the complaint as drafted fails to state

---

[1] The Eleventh Circuit has since retreated from Pitt in the context of plaintiffs that are represented by counsel. See Wagner v. Daewoo Heavy Industries America Corp., 314 F.3d 541, 542 (11th Cir. 2002)(en banc)("A district court is not required to grant a plaintiff leave to amend his compliant *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). The Wagner holding has not been extended to

a cognizable claim under the ADEA, in light of Pitt, the appropriate course of action is to allow Plaintiff the opportunity to amend the complaint to cure any deficiencies.

Accordingly, Plaintiff is directed to file and serve, on or before **April 28, 2017,** an amended compliant fully detailing her allegations. In her amended complaint, Plaintiff is to provide a factual basis for her assertion that she was discriminated against on the basis of her age.

## IV. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (doc. 6) be **DENIED** without prejudice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed. R. Civ. P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a]

---

unrepresented parties. Indeed, the Eleventh Circuit has continued to adhere to the Pitt rule where *pro se* plaintiffs are involved. See De Souza v. JP Morgan Chase Home Lending Div., 608 Fed. Appx. 776, 781, 2015 WL 1868236 at *4, 2015 U.S. App. LEXIS 6802 (11th Cir. Apr. 24, 2015); Edwards v. Fernandez-Rundell, 512 Fed. Appx. 996, 2013 WL 1104129 at *1, 2013 U.S. App. LEXIS 5298 (11th Cir. Mar. 18, 2013).

party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this **14th** day of **April, 2017.**

                                         /s/ SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**